By
the Court.
It is laid down in the books, as a general rule, that coverture either before the writ sued out, or pending the writ; is a good plea in abatement. If those cases where a feme covert sues upon a cause of action arising during the coverture, really formed an exception to the rule, it certainly was of too much importance to have been overlooked by writers upon this subject: yet no trace of a distinction arising from this source is any where to be discovered. It is indeed said in 1 Bac. 16, that by coverture before the writ, it is abated de facto, whereas coverture after the writ only proves it to be abatable; but the fame writer proceeds by adding that both are to be pleaded: and this is also established by the case cited from 3 Term Rep. If that be correct, the present case is not affected by the distinction. The meaning of it, however, I take to be this, that where it appears upon the face of the writ itself to be false, or that any judgment rendered upon it would be erroneous, the court may interpose ex officio, and abate it without plea; but that whenever the circumstances tending to shew the defect, is extrinsic, it ought to be pleaded. To apply this criterion to the present case, let it be enquired whether this judgment be erroneous? I think both authority and reason decide that it is not. It is said in *76 Carthew, 124, that a judgment rendered in favour of a feme covert who sues by attorney, cannot be reversed for error, if the defendant pleads in bar. The very same point is adjudged in 10 Mod. 166, and it is precisely the case under consideration. The reason upon which these decisions are founded is, that the coverture might have been pleaded in abatement, and that what may be so pleaded, cannot be taken advantage of in error. In the view of justice and propriety also, it is right, that if a defendant pleads to issue, (thereby treating a feme covert, as if she were sole, and compelling her to summon witnesses, and prepare for a trial on the merits, when he might have abated her writ at the outset,) he should be bound by the judgment. I incline to think that the cases cited on behalf of the plaintiff shew that she might have joined her husband in this action, for the reasons that have been given, though I do not give any positive opinion on this point, as I conceive it unnecessary in the decision of this cause. For though the rule mentioned, that a defendant pleading in abatement must furnish the plaintiff with a better writ, be general, it is far from universal; and it cannot consistently with reason apply to this case. This is a plea to the disability of the person of the plaintiff, founded on her legal incapacity to bring a suit; this alone is stated in the forms of such pleas, which do not prescribe any method in which she may bring another writ. It resembles the pleas of alienage, and those of outlawry, Which presuppose that the plaintiff can bring no suit at all, while the disability *77 lasts. In strict language, these are not actually, but only in the nature of, pleas in abatement. Wherever the exception points to the writ or declaration, the defendant must furnish the plaintiff with a better, but where it questions the very power and capacity of the plaintiff to sue, it cannot be thought necessary for the defendant to do a thing, upon the absolute rejection and denial of which his defence is built. Upon the whole I think the motion must be
Over-ruled.